[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO RECUSE
FACTS AND PROCEDURE:
This is an action brought by the plaintiff against the defendants for fraudulent misrepresentation by the defendants made to the plaintiff to induce the plaintiff to purchase specified assets of the business including the good will known as Santilli's Market located at 392-396 New Britain Avenue, Hartford, Connecticut. This is a court trial before the undersigned and consumed two and a half days to this point, specifically on August 24, 2000, August 29, 2000 and September 13, 2000. After the plaintiff had presented its case in chief as to liability only, the Court agreed to bifurcate this case and first decide whether or not the elements of fraud had been proven by clear and convincing evidence . The Court then issued a memorandum of decision dated November 9, 2000, finding that there was a lack of credibility on the part of the defendant, Remo Santilli (hereinafter "R. Santilli") found the plaintiff to be credible and in said memorandum found that the plaintiff had proven its case by clear and convincing evidence of fraudulent misrepresentation on the part of R. Santilli.
Defendants' counsel subsequently objected to this finding on the basis that the Court had agreed only to rule on the defendants' oral motion to dismiss which was made at the conclusion of the plaintiff's case in chief on liability on the contention that the plaintiff had failed to prove a prima facia case. While subsequently meeting with all counsel the Court became aware from the transcripts of the hearings, in particular the one dated September 13, 2000, that it had agreed only to ruling on the motion to dismiss and had agreed that if the Court denied the motion to dismiss, the defendants could then put on evidence in response to the plaintiff's case in chief, and, of course, the plaintiff could then put on rebuttal, etc. As a result, the Court issued a memorandum of decision dated January 3, 2001, which vacated the judgment of November 9, 2000 and denied the motion to dismiss. The Court then granted a motion for leave to amend the complaint and stated that the vacating of the judgment and the denial of the motion to dismiss was for the sole purpose of permitting defendants to present evidence that they are not liable for fraudulent misrepresentation with the plaintiff having an opportunity for rebuttal in accordance with the normal course of trial. Following the close of evidence on the issue of fraudulent misrepresentation, the CT Page 1423 plaintiff may put on evidence as to damages and other relief sought, and the defendants may put on evidence and/or claims in opposition thereto. On January 3, 2001 the defendants' then filed the instant motion to recuse. Plaintiff was given an opportunity to file a response to same by January 17, 2001. The Court received the plaintiff's "objection to motion to recuse" dated January 10, 2001. Defendants had advised that they did not want to respond to that objection in writing, and both parties waived a hearing on the motion to recuse.
FINDINGS:
The defendants contend that "Once a judge declares that he believes a party or witness has been deceitful . . . he cannot continue to preside in his role of impartial arbitrator". citing Ford v. Ford, 52 Conn. App. 522,529 (1999). Defendants also cite Cameron v. Cameron, 187 Conn. 163 at 170 (1982): "The trial judge should be careful to refrain from any statement or attitude which would tend to deny the defendant a fair trial. . .Disqualification of a trial judge is not dependent upon proof of actual bias. . .The controlling standard is whether a reasonable person who is aware of all the circumstances surrounding the judicial proceeding would question the judge's impartiality." Ferris v. Clark 1995 WL 299, 375 citing Labow v. Labow, 13 Conn. App. 330, 334 (1998).
Defendants also state that: "While it is the Court's duty to weigh credibility of the witnesses, the only issue to be decided by the Court pursuant to defendants' oral motion to dismiss was to determine if the plaintiff had met its burden of proof for a claim of fraudulent misrepresentation. . . ."
The defendants' motion to recuse overlooks the following:
1. The Court vacated the memorandum of decision and judgment dated November 9, 2000. Therefore, its decision was only to deny the motion to dismiss.
2. What was before the Court, then, on the motion to dismiss was whether or not the plaintiff had proved a prima facia case. Because it is a case of fraudulent misrepresentation, the credibility of the plaintiff, acting through Michael DelNegro and the credibility of the defendant, R. Santilli, were at issue. The primary issue was whether the said defendant had misrepresented to Michael Del Negro the amount of his weekly gross sales from the business.
3. The reason the Court had to find who was more credible CT Page 1424 is that the defendant R. Santilli testified as a plaintiff's witness during the plaintiff's case in chief with full cross-examination by the defendants' attorneys. Thus, the issue of credibility of Michael Del Negro and R. Santilli was critical to the decision of whether the plaintiff had made a prima facia case which issue was put before the Court by virtue of the defendants' motion to dismiss. If the plaintiff had not called R. Santilli as a witness, the Court would not have been able to make a finding as to the credibility of R. Santilli and would have had to rely on the plaintiff's remaining case in order to decide the motion to dismiss. However, since R. Santilli testified as part of the plaintiff's case in chief, the Court was left with no alternative but to assess and weigh the credibility of Michael Del Negro and R. Santilli. The Court's finding as to the lack of credibility of the defendant, R. Santilli, was necessary to decide the motion to dismiss filed by the defendants. By making the motion to dismiss while knowing that the credibility of R. Santilli as well as Michael Del Negro was a major issue in responding to the motion to dismiss, it is the defendants who required the Court to make this finding. Additionally, the ruling was only on the motion to dismiss, and defendants have an opportunity now to present evidence to show that R. Santilli was and is credible.
LAW:
As for the defendants' citation of Canon 3(c)(1) of the Code of Judicial Conduct, this Court does not believe that it has been violated. Said section provides in pertinent part:
 "(c) Disqualification. (1) A judge should disqualify himself or herself in a proceeding in which the judges impartiality might reasonably be questioned, including but not limited to instances where:"
It is clear that this Court had no preconceived idea of the credibility of any of the parties or witnesses prior to the beginning of the trial. Because the Court had to rule on the credibility of R. Santilli as stated above, the Court's impartiality cannot reasonably be questioned nor was there even an appearance of impartiality by someone aware of the aforesaid facts. Under Section (1) there are four subsections as to specific situations. Suffice it say that none of them apply in this case. CT Page 1425
The defendants have cited Ford v. Ford, 52 Conn. App. 522, 529 (1999) which is inapplicable to the case at bar. In Ford, supra, the trial judge had criticized the witness in a prior case and had recused himself from all matters involving that witness. Defendants also cite Cameron v.Cameron, 187 Conn. 163 at 170 (1982). The facts in Cameron, supra, are different than those in the instant case. On page 170 the Court stated, inter alia, "once he (the judge) declares that he believes a party or a witness has been deceitful, however, he cannot continue to preside in his role of impartial arbiter." The Court in Cameron then goes on to say: "In the present case it is clear that the trial judge on several occasionsbefore the defendant took the witness stand stated his belief that either he or his counsel was `attempting to perpetrate a fraud' upon the Court and that he had `lied under oath' at his deposition. When the defendant came to the stand, at the invitation of the trial judge, he was immediately held in contempt after giving his name and address to the court reporter. Just before this incident, in ordering that the defendant return for trial the next morning, the Court referred to some prior experiences with `client's absconding' who had been represented by counsel for the defendant, implicitly tarring him with the same brush. These expressions of a preconceived view of the credibility of a witnesswho had not yet testified before the trier and of an attitude of skepticism concerning any person represented by his counsel must have been devastating to the defendant and astounding to any observer schooled in the simple faith that the court is an instrument of justice." Emphasis added. In the case at bar, the Court had no preconceived view of the credibility of R. Santilli.
Defendants have cited Ferris v. Clark, 1995 WL 299, 375 but have not attached a copy thereof. Defendants do state that Ferris v. Clark citedLabow v. Labow, 13 Conn. App. 330, 334 (1988). It is true that the Court in Labow stated "the controlling standard is whether a reasonable person who is aware of all the circumstances surrounding the judicial proceeding would question the judge's impartiality." For the reasons stated above, a reasonable person aware of the circumstances in which the Court had to determine the credibility of R. Santilli would not question the judge's impartiality. What defendants overlook in Labow is the following statement: "[T]he alleged bias and prejudice, to be disqualifying, must stem from an extra judicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation inthe case. Emphasis added. United States v. Grinnell Corporation,384 U.S. 563, 583 (1966)." The defendants have not claimed, nor could they, that the alleged bias and prejudice did stem from an extra judicial source.
For the foregoing reasons, the motion to recuse is denied. CT Page 1426
Rittenband, JTR